IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TENA MARIE DAWSON,**

        **Plaintiff,**

v.                                                Case 2:15-cv-02614-cgc

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**

        **Defendant.**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

      Before the Court is the Commissioner of Social Security's ("Commissioner") Motion to Dismiss (Docket Entry "D.E." #10) filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have consented to their case being referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (D.E. #12). For the reasons set forth herein, the Commissioner's Motion to Dismiss is GRANTED.

**I. Introduction**

      On September 16, 2015, Plaintiff filed a Complaint requesting that this Court review the Commissioner's July 10, 2015 final decision in which her requested benefits under the Social Security Act were denied. (D.E. #1). On December 10, 2015, the Commissioner filed the instant Motion to Dismiss asserting that Plaintiff failed to file her Complaint within the sixty-day time period as required by 42 U.S.C. § 405(g) and § 1383(c)(3). The Commissioner further argues that

1

no circumstances would justify equitable tolling of the sixty-day period. Plaintiff responded that she was unable to file her Complaint within the sixty-day time limit because she was unable to hire an attorney until after the period expired.

**II. Analysis**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Rule 12(d) of the Federal Rules of Civil Procedure provides for the result of a party presenting matters outside the pleadings for the Court's consideration motion as follows:

> If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). "Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings." *Greensberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (citations omitted). "This occurs when a document is referred to in the complaint and is central to the plaintiff's claim . . . ." *Id.* (internal quotations omitted). "In such an event, the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Id.* (citations and internal quotations omitted).

As a threshold matter, the Commissioner has presented the following exhibits outside the pleadings for this Court's review on Plaintiff's Rule 12(b)(6) motion: the Declaration of Kathie Hartt, Acting Chief of Court Case Preparation and Review Branch 03 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration ("Hartt Declaration"); the Administrative Law Judge's May 6, 2014 Notice of Decision – Unfavorable; and, the Notice of Appeals Council Action. (Mot. to Dismiss, Exh. A, A-1 & A-2). The decision of the Adminstrative Law Judge and the Appeals Council are both referred to in Plaintiff's Complaint. (Compl. ¶¶ 5-6). The Hartt Declaration serves to demonstrate the authenticity of these portions of

3

the record attached to Defendant's Motion to Dismiss. (Hartt Decl. ¶ 3). As Plaintiff's Complaint is requesting a review of the Commissioner's final decision, which requires a consideration of whether the claim was timely filed, these documents are central to Plaintiff's claim. The Notice of Appeals Council is particularly critical to Plaintiff's claim as it constitutes the final decision. Accordingly, the Court finds that the Commissioner's exhibits do not constitute "matters outside the pleadings" requiring this Court to convert the instant motion to one pursuant to Rule 56; thus, this Court will consider the instant motion as a proper Rule 12(b)(6) motion.

Proceeding to the merits of the Motion, the Social Security Act provides as follows with regard to the time period in which a plaintiff may file a complaint:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to [her] of notice of such decision or within further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g) (emphasis added); *see also* 42 U.S.C. § 1383(c)(3). The Commissioner considers the date that notice was received as "5 days after the date on the notice," unless the plaintiff demonstrates that she did not receive it within the 5-day period." 20 C.F.R. § 404.901, § 416.1401 & § 422.210(c).

In the instant case, the Appeals Council issued a notice denying Plaintiff's request for review on July 10, 2015. (Mot. to Dismiss, Exh. A-2). Pursuant to the Commissioner's regulations, Plaintiff is presumed to have had notice of this determination as of July 15, 2015. Thus, Plaintiff was required to initiate her civil action on or before September 14, 2015, which was sixty days after notice was presumed to have been received. Although Plaintiff's Complaint was filed only two days beyond this date, the United States Court of Appeals for the Sixth Circuit has held that even a single

4

day beyond the deadline justifies dismissal of the complaint. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming the dismissal of a complaint filed one day beyond the sixty-day period and explaining that, "there are millions of applicants for Social Security benefits each year and, . . . the lack of a clear filing deadline could create havoc in the system").

As Plaintiff failed to meet the sixty-day filing requirement, her Complaint must be dismissed unless circumstances justify an equitable tolling of the time limit. In *Bowen v. City of New York*, 476 U.S. 467 (1986), the United States Supreme Court held that the sixty-day period could only be tolled by the Commissioner or by the court "where the equities in favor of tolling the limitations period are so great that the deference to the agency's judgment in inappropriate." *Id*. at 479.

The United States Court of Appeals for the Sixth Circuit has set forth five factors for a court to consider to determine whether equitable tolling applies: (1) the claimant's lack of actual notice of the filing requirement; (2) the claimant's lack of constructive notice of the filing requirement; (3) the claimant's diligence in pursuing her rights; (4) the absence of prejudice to the respondent; and, (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing her claim. *Cook*, 480 F.3d at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Plaintiff contends that the sixty-day time limit should be equitably tolled because she was diligently pursuing her rights but was unable to find an attorney willing to file her Complaint until September 16, 2015. Plaintiff states that she "contacted several attorneys, who were unwilling to file her appeal, prior to meeting" the attorney she ultimately hired on September 16, 2015. Plaintiff states that she "has no knowledge of the proper court procedures and documents needed to file an appeal with the United States District Court" and that her attorney immediately filed her Complaint on the same day that they met.

5

Upon review, the Notice of Appeals Council Action informed Plaintiff as follows:

> **Time To File a Civil Action**
>
> 1. You have 60 days to file a civil action (ask for court review).
>
> 2. The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> 3. If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request. . . .

(Mot. to Dismiss, Exh. A-2). The Notice of Appeals Council Action also provides further directions to a party or her representative on "How to File a Civil Action," on the applicable law, and contact information with any questions. (*Id.*)

As Plaintiff was provided detailed instructions in the Notice of Appeals Council Action, she had notice that either she or her representative must file a civil action within sixty days. If unable to find an attorney to do so within sixty days, Plaintiff could have filed a *pro se* Complaint or filed a request with the Appeals Council to extend the sixty-day filing limit; Plaintiff did not avail herself of either option.

Furthermore, while an attorney's conduct can serve as a basis for equitable tolling, it is only appropriate when a party is abandoned by her attorney, *Gordon v. England*, 354 Fed. App'x. 975, 980 (6t Cir. 2009) (citing *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177 (6th Cir. 1995)); however, in the instant case, Plaintiff did not even retain her counsel until after the filing date passed, leaving her counsel no opportunity, even by filing her Complaint on that date, to comply with the sixty-day period. Thus, the Court concludes that the doctrine of equitable tolling does not

apply to toll Plaintiff's Complaint. Accordingly, as Plaintiff filed her Complaint beyond the sixty-day time limit under the Social Security Act, the Commissioner's Motion to Dismiss is hereby GRANTED.

## III. Conclusion

For the reasons set forth herein, the Commissioner's Motion to Dismiss is hereby GRANTED.

**IT IS SO ORDERED** this 9th day of March, 2016.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE